FOURTH DEPARTMENT, OCTOBER, 1938.

(October 5, 1938.)

In the Matter of the Voluntary Dissolution of COMMERCIAL TRUST COMPANY OF BUFFALO, Appellant. JOSEPH J. LUNGHINO and Others, FRANK A. MICELI and PHILIP CATALANO, Stockholders, Respondents.— Order modified on the law and the facts as matter of discretion, by striking therefrom the ordering paragraph and providing in lieu thereof that an order dissolving the petitioner, Commercial Trust Company of Buffalo, be granted to become effective only upon the filing with the Superintendent of Banks a certified copy of such order pursuant to section 486 of the Banking Law but that such order shall not be filed prior to January 1, 1939, and if at that time there is pending an action by the petitioner on behalf of itself or any of its stockholders, or by any stockholder for himself and others similarly situated, for an accounting by Marine Trust Company, as liquidator of the petitioner, the order of dissolution of the petitioner corporation shall not be filed and the dissolution shall not be made effective until the final determination of such action and compliance with the requirements, if any, of the judgment entered therein, and as thus modified, order affirmed, without costs. Memorandum: We conclude that justice requires that petitioner's corporate existence should not be terminated pursuant to section 486 of the Banking Law until a reasonable time has been afforded petitioner or its other stockholders to bring such action as they may be advised for an accounting by Marine Trust Company as liquidator. All concur, except Crosby, J., who dissents and votes for reversal and for granting the motion for dissolution, on the ground that respondents, notwithstanding the dissolution of the Commercial Trust Company, will be able to pursue any rights which they claim they have by suing individually, either as parties to the contract or as third party beneficiaries under said contract, as the case may be, and the dissolution of the trust company should not be unnecessarily delayed. (The order grants a reference in a bank liquidation.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

ALFRED MARLING CORBETT, Respondent, v. ADRO HOLDING CORPORATION and Another, Respondents, and CELIA MERWIN, Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: As the assignment to the appellant which the plaintiff seeks to set aside was executed in Erie county and as the convenience of a greater number of the witnesses, considering the action as a whole, will be served by a trial of the action in that county, we conclude that the Special Term properly denied defendant's motion. All concur. (The order denies defendant's motion for change of venue.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.